1  McGREGOR W. SCOTT
   United States Attorney
2  LAUREL J. MONTOYA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              CASE NO.  1:18-CR-00054-DAD-BAM

12                    Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                         AND ORDER

14 TAURI DOLORES VALERA,                   DATE: October 28, 2020
                                           TIME: 1:00 p.m.
15                    Defendant.           COURT: Hon. Barbara A. McAuliffe

16

17        This case is set for status conference on October 28, 2020.  On May 13, 2020, this Court issued

18 General Order 618, which suspends all jury trials in the Eastern District of California until further

19 notice.  This General Order was entered to address public health concerns related to COVID-19.

20 Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18

21 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

22 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

23 May 1, 2020.[1]

24        Although the General Order addresses the district-wide health concern, the Supreme Court has

25 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

1   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

2   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

3   at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

4   judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

5   orally or in writing").

6      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7   and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

8   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

11  3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

12  case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14     The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24     In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

27

28     [2] The parties note that General Order 612 acknowledges that a district judge may make
       "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
       Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on October 28, 2020.

2.      By this stipulation, defendants and government now move to continue the status conference until January 13, 2021, and to exclude time between October 28, 2020, and January 13, 2021, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the initial discovery associated with this case has been either produced directly to counsel and/or made available for inspection and copying. Additionally, the parties have engaged in plea negotiations and the government has provided a revised plea agreement on October 26, 2020.  Additional time is needed to finalize the plea or determine if the matter will proceed to trial.

b)      Counsel for defendant needs time to review the discovery previously provided and conduct pretrial investigation.

c)      The defendant agrees and stipulates that time should be excluded for the aforementioned reasons.  The government agrees and stipulates to the requested date.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 28, 2020 to January 13, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 26, 2020                                       McGREGOR W. SCOTT
                                                              United States Attorney


                                                              /s/ LAUREL J. MONTOYA
                                                              LAUREL J. MONTOYA
                                                              Assistant United States Attorney


Dated:  October 26, 2020                                       /s/ JOHN MEYER
                                                              JOHN MEYER
                                                              Counsel for Defendant
                                                              TAURI DOLORES VALERA

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

**ORDER**

2          IT IS SO ORDERED that the Status Conference is continued from October 28, 2020 to **January 13,**

3   **2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.** Time is excluded pursuant to 18

4   U.S.C.§ 3161(h)(7)(A), B(iv).

5

IT IS SO ORDERED.

6

7   Dated:   __October 26, 2020__              __/s/ Barbara A. McAuliffe__

8                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28